FILED

NOV 29 2000

ARLEN B. COYLE, CLERK
By M. Adams Deputy

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 2:00CR 151
18 U.S.C. § 2422(a)
Miss. Code §97-5-23(2)

KEITH D. CRUMPTON

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about May 1999, in the Northern District of Mississippi, within the special maritime and territorial jurisdiction of the United States, KEITH D. CRUMPTON, defendant, did violate state law, that is, KEITH D. CRUMPTON, being above the age of eighteen years of age, for the purpose of gratifying his lust and indulging his depraved licentious sexual desires, did knowingly handle, touch and rub with his hands a child younger than the age of eighteen years of age while KEITH D. CRUMPTON occupied a position of trust and authority over the child, that is, CRUMPTON was the child's scout leader, in violation of Title 18, United States Code, Sections 7(3) and 13(a), and Section 97-5-23, Mississippi Code.

### COUNT TWO

On or about July 1999, in the Northern District of Mississippi and elsewhere, KEITH D. CRUMPTON, defendant, did knowingly transport a minor in interstate commerce from Mississippi to Tennessee with intent that said minor engage in sexual activity with KEITH D. CRUMPTON for which activity KEITH D. CRUMPTON could be charged with a criminal act, that is, sexual penetration of a minor at least 13 years of age but less than 18 years of age while KEITH D. CRUMPTON was more than 4 years older than the minor, statutory rape in violation of Tennessee Code, Section 39-13-506, all in violation of Title 18, United States Code, Sections

2423(a) and 2246.

## COUNT THREE

On or about August 1999, in the Northern District of Mississippi and elsewhere, KEITH D. CRUMPTON, defendant, did knowingly transport a minor in interstate commerce from Mississippi to Tennessee with intent that said minor engage in sexual activity with KEITH D. CRUMPTON for which activity KEITH D. CRUMPTON could be charged with a criminal act, that is, sexual penetration of a minor at least 13 years of age but less than 18 years of age while KEITH D. CRUMPTON was more than 4 years older than the minor, statutory rape in violation of Tennessee Code, Section 39-13-506, all in violation of Title 18, United States Code, Sections 2423(a) and 2246.

## COUNT FOUR

On or about December 17, 1999, in the Northern District of Mississippi and elsewhere, KEITH D. CRUMPTON, defendant, did knowingly persuade, induce and entice a minor to travel in interstate commerce from Mississippi to Tennessee with intent that said minor engage in sexual activity with KEITH D. CRUMPTON for which activity KEITH D. CRUMPTON could be charged with a criminal act, that is, sexual penetration of a minor at least 13 years of age but less than 18 years of age while KEITH D. CRUMPTON was more than 4 years older than the minor, statutory rape in violation of Tennessee Code, Section 39-13-506, in violation of Title 18, United States Code, Sections 2422(a) and 2246.

## COUNT FIVE

On or about December 28, 1999, in the Northern District of Mississippi and elsewhere, KEITH D. CRUMPTON, defendant, did knowingly transport a minor in interstate commerce from Mississippi to Tennessee with intent that said minor engage in sexual activity with KEITH D. CRUMPTON for which activity KEITH D. CRUMPTON could be charged with a criminal

act, that is, sexual penetration of a minor at least 13 years of age but less than 18 years of age while KEITH D. CRUMPTON was more than 4 years older than the minor, statutory rape in violation of Tennessee Code, Section 39-13-506, all in violation of Title 18, United States Code, Sections 2423(a) and 2246.

A TRUE BILL

_____  _____
UNITED STATES ATTORNEY          FOREPERSON